HAYES H. GABLE III
Attorney at Law
State Bar No. 60368
428 J Street, Suite 354
Sacramento, CA 95814
Telephone: (916) 446-3331
Facsimile: (916) 447-2988
hhgable@gmail.com

Attorney for Defendant
DONALD M. PARKER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD M. PARKER,<br><br>    Defendant(s). | Case no. 2:11-cr-00511-WBS<br><br>**NOTICE OF MOTION AND MOTION TO CONTINUE THE RULE 33 HEARING DATE AND TO RESET BRIEFING SCHEDULE**<br><br>Date: October 19, 2015<br>Time: 9:30 a.m.<br>Judge: Hon. William B. Shubb |

PLEASE TAKE NOTICE that on the date and at the time and place set forth above, defendant, DONALD M. PARKER, by and through his attorney, HAYES H. GABLE III, will and hereby does move this Court for an order continuing the hearing on the defendants' Rule 33 motion to January 25, 2016, at 9:30 a.m., and to adjust the briefing schedule accordingly.

This notice of motion and motion will be based on the documents filed with this court, the file in this case, any evidence presented at the hearing of this matter, whether oral, written or otherwise, and any and all evidence this court may and can take judicial notice of.

The government, during a telephone conference on Wednesday, October 14, 2015, was notified that the defense would bring this motion1 and setting it for Monday, October 19, 2015, and

NOTICE OF MOTION AND MOTION TO CONTINUE THE RULE 33 HEARING DATE AND TO RESET BRIEFING SCHEDULE

1

the government has no objection to the short setting.  Co-defendant Katakis's counsel was notified of the hearing by email.

Dated: October 14, 2015

        /s/ Hayes H. Gable III
HAYES H. GABLE III
Attorney for Defendant
DONALD M. PARKER

**MOTION TO CONTINUE RULE 33 HEARING
AND TO RESET BRIEFING SCHEDULE**

**I.**

**STATUS OF THE CASE**

On October 10, 2015, a status conference was held to determine the status of counsel for defendant, Donald M. Parker.  Attorney Scott Tedmon had been representing Mr. Parker on a retained basis since December 13, 2013 (ECF no. 14.)  After an *in camera* hearing with Mr. Parker and Mr. Tedmon, the court relieved Mr. Tedmon and appointed Mr. Gable.  The Court ordered the next scheduled hearing date of November 9, 2015, to remain as set.  However, the Court stated that it would entertain a request for continuance of the pending dates and deadlines upon a stipulation of the parties. (ECF no. 381.)

Since October 10, 2015, Mr. Tedmon has delivered 11 banker's boxes of documents, including a number of CDs, to Mr. Gable, and  Mr. Gable has accessed and downloaded the transcripts of the entire 23 day trial.

Defense counsel, after taking inventory of the voluminous discovery and the volumes of transcripts, contacted Government counsel, Anne Tryon Pletcher, to request that she enter into a stipulation to continue the hearing scheduled for November 9th to enable counsel to review the materials and familiarize himself with the case.  Ms. Pletcher has indicated that her office will not stipulate, but to the contrary, will oppose *any* request for a continuance.

NOTICE OF MOTION AND MOTION TO CONTINUE THE RULE 33 HEARING DATE AND TO RESET BRIEFING SCHEDULE

## II.

## NEED FOR A CONTINUANCE

The need to continue the November 9, 2015, hearing date is manifest.  (1) New counsel has just been appointed to represent  Mr. Parker.  (2) New counsel is not familiar with the facts of the case.  (3) New counsel needs to review the literally thousands of pages of discovery that was recently provided by former counsel; (4) New counsel needs to review 23 volumes of trial transcripts; (5) New counsel needs to determine, *after* a review of the above materials, what, if any,  additional or supplemental motions should be filed on the client's behalf.  This is especially true in light of the reasons why prior counsel was relieved, of which the Court is fully cognizant:  (6) New counsel needs time to research procedural issues related to filing of additional motions; and, (7) New counsel needs to be prepared to argue issues that may arise concerning the count upon which the jury was unable to reach a verdict.

Generally, a decision to grant or deny a continuance is reviewed for an abuse of discretion. *United States v. Flynt*, 756 F.2d 1352, 1358, modified on other grounds, 764 F.2d 675 (9th Cir. 1985). When the defendant's sixth amendment right to counsel is implicated, however, a court must balance several factors to determine if the denial was "fair and reasonable." *United States v. Leavitt,* 608 F.2d 1290, 1293 (9th Cir. 1979) (*per curiam*). Among the factors are: whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant. *Id*.; *United States v. Robinson*, 967 F.2d 287, 291 (9th Cir. 1992).

In this case, the Court has made a decision to grant the defendant's request for new counsel at this stage of the proceedings.  While counsel recognizes that this case has had a protracted history, defendant Parker did not contribute to it.  Not allowing new counsel sufficient time to prepare would deny Mr. Parker his right to effective assistance of counsel.

Counsel is requesting a continuance of the hearing in this matter to January 25, 2016.  That

NOTICE OF MOTION AND MOTION TO CONTINUE THE RULE 33 HEARING DATE AND TO RESET BRIEFING SCHEDULE

date is selected so as to avoid all parties from having to submit briefs during the holidays. A modified briefing schedule is suggested as follows:

- January 11, 2016 – Government's opposition
- January 18, 2016 – Defense reply

## CONCLUSION

The defense regrets having to burden the Court with this matter, inasmuch as reasonable requests for continuances are generally accomplished by way of stipulation in this district.

Dated: October 14, 2015                                  Respectfully submitted,

/s/ Hayes H. Gable III
HAYES H. GABLE III
Attorney for Defendant
DONALD M. PARKER