Law Offices of Robert M. Wilson
Robert M. Wilson, SBN: 122731
770 L Street, Suite 950
Sacramento, CA 95814
Telephone: (916) 441-0888
RWilson@BusinessCounsel.net

*ATTORNEYS FOR DEFENDANT*
DONALD M. PARKER

DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>ANDREW B. KATAKIS, et al.,<br><br>            Defendants. | Case No.:  2:11-CR-00511-WBS<br><br>DEFENDANT DONALD M. PARKER'S SENTENCING MEMORANDUM<br><br>Date:        January 8, 2018<br>Time         9:30 a.m.<br>Courtroom:   5 |

## I   INTRODUCTION

Before this Court stands a very proud man with the highest level of personal integrity.  A man who has lived his entire life doing the right thing and doing for his family and others before himself.  A man who not only builds amazing things with his hands but also has built successful businesses and suffered the loss of having to file bankruptcy.  A man who has found a calling in mentoring youth and with the local school districts support, employing and mentoring young adults. A man that aspires to build a youth camp for disadvantaged youth. A

man some may call simple and others call complex.  A man who sheds tears of joy when his only daughter will achieve in June something he never did – a high school diploma – to be followed by college.  A man, so overwhelmed with the stress of being criminally prosecuted, planned his own death.  A man who felt he would be vindicated at trial.  A man who believes he is innocent, notwithstanding the jury verdict.  A man who believes he had an excellent trial lawyer who failed to get before the jury the complete picture.  A man who has attended all of the hearings in this matter and attended 18 days of trial. A man that was embarrassed to ask friends and family for letters of support. A man who was amazed at the support he had in the community – a community that knows the real Don Parker.  A man who wrote a 12-page personal – heartfelt - letter to this Court. A man who has watched this Court as he oversaw and conducted proceedings before the Court.  A man who believes this Court to be deliberative, fair and just.  A man that is willing to accept the judgment and sentences of this Court.  A man who honestly struggles with being called a felon.

This Court has lived this case for almost eight years and has had the benefit of observing Mr. Parker – both in court and as he testified at the trial.  This Court has read the PSR and all of the letters of support provided.  This Court has sat in judgment and sentenced all of the other co-defendants.  It is doubtful that counsel for Mr. Parker can provide any further clarification as to who stands before this Court for sentencing and how he compares to the other defendants and their conduct.  The Court has found the other defendants conducted business unlawfully and has sentenced them accordingly.  Mr. Parker asks this Court to understand what he did and why he did it.  While the other co-defendants may have conspired amongst and between each other to violate the law, there was no criminal intent nor was there any conspiracy between Mr. Parker and any of the other co-defendants to violate the law.

It is significant in this matter that the government chose not to indict Mr. Tom Yarak or El Dorado Holding Company. It is significant, because, like Mr. Parker, Mr. Yarak and his company did nothing illegal. There is no doubt the Mr. Yarak and his company received the proceeds of any "chop" for properties that were bought on behalf of El Dorado Holding. All of this, together with his personal character reference for Mr. Parker, is outlined in Mr. Yarak's accompanying letter. Likewise, Mr. Parker received payment for properties he purchased on behalf of himself.

If this Court denies Mr. Parker's motion for new trial and judgment and sentencing takes place, for the reasons set forth below, Mr. Parker is asking this Court to impose a sentence of probation with a condition of community service. A fine in the amount of $5,000.00 and restitution in the amount of $54,982.00.

## II   ARGUMENT

A district court "shall impose a sentence sufficient, but not greater than

necessary . . . :"

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2); *see also United States v. Rosales-Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015) ("This provision [§ 3553(a)] . . . 'is a guidepost, an overarching principle that directs

judges in the appropriate exercise of their sentencing discretion within the sentencing range authorized and consideration of factors prescribed by Congress.'").

In determining the sentence to impose, the Court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guidelines and policy statements, § 3553(a)(4) & (a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution, § 3553(a)(7). The Court should calculate the appropriate advisory Guidelines range and then consider "the factors enumerated in 18 U.S.C. § 3553(a)"to reach a final determination of the appropriate sentence. *Rosales-Gonzales*, 801 F.3d at 1180.

For the reasons described below, a sentence of probation, restitution and community service is reasonable and warranted.

**a) Mr. Parker's Personal History and Characteristics and the Nature and Circumstances of the Offense Justify an Alternative to Incarceration (18 U.S.C. § 3553(a)(1)).**

While Mr. Parker maintains his innocence and struggles to be called a felon, he does not deserve to be placed in custody. He has been in his own prison for the last eight years and has paid dearly for his conduct. The stress of self-imposed sentence almost culminated with him taking his own life.

It was Mr. Parker who insisted that everything is done on the up and up and that if he was going to participate in a secondary auction, he insisted that there be no cash transactions and that everything is done by check. He kept a ledger notebook that outlined the transactions. His insistence that there be no cash transaction provided the paper trail that helped put this whole case together.

Mr. Parker has made great use of the last eight years. He has mentored countless young men and women, many of whom have written letters on his behalf. He has learned that he can be that one meaningful person in a young person's life that can make a difference. He mentors through teaching the benefits of hard work and taking pride in everything you do. He teaches from his mistakes. He learns from his students, and they learn from him.

Mr. Parker is financially turning his life around and slowly clearing up the debt that has accrued as a result of the financial crisis and this case. Incarcerating Mr. Parker takes away his opportunity to increase his income further to pay any fine or restitution and takes Mr. Parker away from what he calls "his calling" – making a difference in a youths life – one at a time.

b) **A Sentence Of Probation And Community Service Satisfies The Requirements Of (18 U.S.C. § 3553(A)(2))**

As set forth above, Mr. Parker has imposed his own sentence upon himself. He has been in a self-defined prison for the past eight years. He has drained his finances and borrowed substantially from family to secure private counsel and survival. Legal fees in this matter have exceeded $150,000.00, and Mr. Parker maintains an outstanding balance to trial counsel. The debt of the trial, coupled with the fallout from the 2008 mortgage crisis is punishment enough for Mr. Parker. There is no claim by anybody that Mr. Parker is a risk to the community. To the contrary, the community has come out in support of Mr. Parker. Sentencing Mr. Parker to prison for conduct that occurred so long ago serves no meaningful purpose other than mental and psychological harm to Mr. Parker and his family. There are no individual victims who will or need to feel that justice has been done. The crime that occurred was a truly a confluence of people and circumstances that likely will never happen again. Never before have

we seen a mortgage crisis so huge that 1000's of homes suddenly appeared on the auction block and bidders in need of information would join hands with people looking to rig the system.

### III RESTITUTION

Restitution in this matter should be limited to the houses where Mr. Parker directly received and benefited.

| Date | Property | Amount |
|---|---|---|
| 06/02/09 | Tennis Lane | $2,500.00 |
| 07/01/09 | Bramblewood | $2,350.00 |
| 07/16//09 | J Street | $1,000.00 |
| 07/24/09 | Green Haven and Willow | $6,367.00 |
| 07/27/09 | Bonnie Court | $5,000.00 |
| 08/06/09 | Mariposa | $3,800.00 |
| 08/06/09 | King Canyon | $ 925.00 |
| 08/14/09 | Penelope | $1,100.00 |
| 08/14/09 | Indiana | $1,116.00 |
| 08/25/09 | LaSata | $12,082.00 |
| 08/27/09 | Talc | $1,250.00 |
| 08/27/09 | Rico | $3,667.00 |
| 08/27/09 | Carlton | $4,656.00 |
| 08/27/09 | Cresent Moon | $5,223.00 |
| 09/12/09 | California | $3,946.00 |
| **Total** | | **$54,982.00** |

### IV FINE

While this Court has imposed substantial fines on other defendants, those fines were proportional to the income and wealth of the individual defendants.  Given Mr. Parker's financial situation, if a fine is imposed, it should be proportional to his financial situation and outstanding debts.  Mr. Parker is upside down on his major asset, the ranch.  He had his minimal IRA seized by the State of California and, although he is working with his accountant to get

caught up, he is several years behind in filing his taxes.  Over the past few years, Mr. Parker and his wife have seized upon an opportunity to develop the ranch into a wedding venue and destination.  Although the business is growing, it is growing due to the hard work and sacrifices being made by Mr. Parker.   With that, his annual income is now positive, and he is slowly reducing his substantial debt obligation, he does not have meaningful assets that would allow him to pay a fine.  For this reason, Mr. Parker is suggesting that if this Court chooses to impose a fine, a fine of $5,000.00 would be sufficient.

## V   COMMUNITY SERVICE

Attached is a letter for Jason Weatherby, an instructor at Calaveras High School. Mr. Weatherby is proposing that Mr. Parker serve any community service time at the high school and specifically the Agricultural Department.  Community service, as opposed to incarceration, served the public good and further allows Mr. Parker to continue his work with the development of our next generation.

## VI CONCLUSION

Mr. Parker has faith in this Court.  Should this Court choose to impose a sentence of incarceration, Mr. Parker would ask that his surrender date be set for a date after his daughter's graduation from high school in June of 2018.  His daughter is his pride and joy, and he wants to see her fulfill and accomplish something he never did, graduate from high school.

Dated December 28, 2017, LAW OFFICES OF ROBERT M. WILSON

<u>/s/ Robert M. Wilson</u>
Robert M. Wilson